**Denied and Opinion Filed December 1, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01389-CV

### IN RE JOSEPH HENRY BROWN, Relator

**Original Proceeding from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-53946-W**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Brown
Opinion by Justice Lang

Before the Court is relator's November 28, 2016 petition for writ of mandamus in which relator complains that the trial court has not ruled on a Chapter 64 motion for DNA testing that realtor purportedly filed on August 15, 2016. Relator asks this Court to order the trial court to rule on the motion. Relator's petition is not certified as required by rule 52.3(j) of the rules of appellate procedure and does not contain a certified or sworn record as required by Rule 52.7. TEX. R. APP. P. 52.3(j), 52.7. Although these deficiencies alone constitute sufficient reason to deny mandamus relief, in the interest of judicial economy we address the petition

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863

(Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228, 229 (Tex. App.— Amarillo 2001, orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey*, No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication). To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must provide evidence to establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Chavez*, 62 S.W.3d at 229. Relator has failed to meet those requirements.

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof to establish relator filed the Chapter 64 motion, relator requested a ruling or hearing on the motion, and that the trial court has failed to rule on relator's motion. TEX. R. APP. P. 52.3(k)(1)(a); 52.7(a). The absence of a mandamus record prevents this Court from evaluating the circumstances of this case and the merits of relator's complaints. *Lizcano*, 416 S.W.3d at 863 (Alcala, J. concurring); *see also In re Chavez*, 62 S.W.3d at 229; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Accordingly, we deny relator's November 28, 2016 petition for writ of mandamus.

161389F.P05

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE