In re Juan LIZCANO, Relator

v.

Hon. Andy CHATHAM, Presiding
Judge, Respondent.

No. WR–68348–02.

Court of Criminal Appeals of Texas.

Oct. 5, 2011.

David R. Dow, Alma Lagarda, for Juan
Lizcano.

## CONCURRING STATEMENT

ALCALA, J., filed a concurring
statement, in which COCHRAN, J., joined.

Relator Juan Lizcano challenges the respondent trial judge's order compelling discovery. Relator's application for a writ of mandamus asks whether the State is entitled to discover all of a defense attorney's trial files when a defendant challenges the effectiveness of that attorney in a writ of habeas corpus. Because the vagueness of the trial court's discovery order renders this issue not ripe for judicial review, we cannot answer relator's question at this juncture.

Respondent's discovery order provides, in relevant part, that "the State may review applicant's trial files of this cause, including information protected from disclosure by statutory or constitutional law, as it relates to applicant's claims of ineffective assistance of counsel." Although the record reveals that the trial court has conducted an *in camera* review of the files, the order does not specify which files relate to the ineffective-assistance claims. Because it is unknown whether any files pertain to relator's claims and whether any

such files contain protected information, this application for mandamus is premature. We are being asked to review an order with uncertain and contingent future events, which is not subject to mandamus. *See Patterson v. Planned Parenthood of Houston & S.E. Tex.*, 971 S.W.2d 439, 442 (Tex.1998) (explaining that an action is not ripe for judicial review if it involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all").

Furthermore, relator has failed to include with his petition a sealed record containing the documents that are the subject of this action. As the party seeking to avoid discovery, it is relator's burden to plead the basis for exemption and to produce evidence supporting that claim. *See Dominguez v. Gilbert*, 48 S.W.3d 789, 795 (Tex.App.-Austin 2001, no pet.). In the absence of any additional evidence to support the claimed privilege, an appellate court must review the documents to determine if they clearly support the privilege as a matter of law. *Id.* (citing *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988)). Moreover, under the Texas Rules of Appellate Procedure, the relator in a mandamus proceeding prepares and files the mandamus record. Rule 52.7(a)(1) requires a relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Rule 52.3(g) requires that "[e]very statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record." And Rule 52.3(k)(1)(A) states that the petition appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." In failing to supply the evidence necessary to support the contentions set forth in his petition,

relator fails to comply with these mandatory provisions and prevents this Court from conducting a meaningful review of his claims.

In sum, having already reviewed the records *in camera*, the trial court should prepare an order that specifies which documents, if any, must be disclosed. This may be done by referring to numbers assigned to the documents, or a discovery log, or something that identifies to which files the trial court is referring without identifying the content of the record. Assuming relator opts to challenge that order, he must include the *in camera* record in his application for mandamus as a sealed record that contains all the complained-of documents. He should then ask the trial court to stay the order until our Court determines whether to accept the application for mandamus.

Although relator presents an important question of law, it is not ripe for review. I, therefore, concur in the denial of the application for writ of mandamus.