**Denied and Opinion Filed June 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00673-CV
### No. 05-15-00674-CV
### No. 05-15-00675-CV

### IN RE RAFAEL RAMIREZ, Relator

**Original Proceeding from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-11132-W, No. F12-60236-W, No. F13-56808-W**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Evans
Opinion by Justice Evans

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his motion for judgment nunc pro tunc dated December 19, 2014. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes the trial court has failed to rule on relator's motion. TEX. R. APP. P. 52.3(k)(1)(a) (appendix must contain certified or sworn copy of order complained of, or any other document showing the matter complained of), 52.7(a) (relator must file with petition certified or sworn copy of every document material to relator's claim for relief). As the party seeking relief, the relator has the

burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Absent such a record, we cannot conduct a meaningful review of relator's claims. *Lizcano*, 416 S.W.3d at 863 (Alcala, J. concurring).

We deny the petition.

150673F.P05

/David Evans/
DAVID EVANS
JUSTICE