In The Court Of Criminal Appeals.

Alfred Lee Styne

Cause No. _____

Petitioner,

v.

The Fifth Court Of Appeals

Rick Maynis

Respondent,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 30 2015

Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

Writ Of Mandamus

In pursuance Of Tex. R. App. Proc. R. 52

The Petitioner File This Original-proceeding To Enforce Or Compel The Respondent To inforce There Jurisdiction.

Alfred Lee Styne

Estelle Unit

264 FM 3478

Huntsville Texas

77320

CC: Court Of Appeals

Fifth District Of Texas At Dallas

Ygnyte L. Allen Sr. Courts Building

600 Commerce St, Suite 200

Rev. 01/14/14

List OF Parties

Alfred Lee Stone

Petitioner,

Estelle Unit

264 FM 3478

Huntsville Texas 77324


Court OF Appeals

Fifth District OF Texas At Dallas

George L. Allen Sr. Courts building

600 Commerce St. Suite 200

Dallas Texas 75202


Rick Magnis

Respondent,

283 nd. Judicial District Court

Crim. Division 6th Fl.

Frank Crowley Courts bldg. 133
River Front 16-33
Dallas Texas 75207.

Rev. 01/14/14

(2)

# Table of Contents

DATE

1. Identity of Parties

2. Table of Contents

3. Index of Authorities

4. Statement of the Case

5. Issue Presented

6. Statement of Fact

7. Statement of Jurisdiction

8. Summary of the Argument

9. Argument

10. Ground-One

    Ground-Two

10. Prayer

11. Certificate of Service

12. Appendix

    (A). The 5th Court of Appeals Memorandum
        Opinion

    (B). The Trial Court Statement of Facts. ____

    (B). The Trial Court' Trials Transcripts. ____

    (C). The Writ of Mandamus. ____

Rev. 01/14/14

(3)

# Index of Authorities

CASE             DATE

1. Barnes 832 S.W 2d 424 Tex. App. Hous. 1-st. Dist. 1992 Unif. Pmc.

2. Bianch 774 S.W 2d 299 Tex. App. Dall. 1989 Unif. Pmc.

3. Chiles 788 S.W 2d 205.

4. Eli-lilly 829 S.W 2d 157 (Tex. 1992).

5. Gimckzin 762 S.W. 2d at 6066.

6. In Re Commach 980 S.W 2d 692.

7. Johnson 700 S.W 2d 916 Tex. 1985.

8. Kissam 545 S.W 2d 265.

9. Rosenthal 98 S.W. 3d 194 Tex. Crim. App. 2003.

10. Safety 945 S.W 2d 268 Tex. App. San. Ant. 1997.

11. Southwestern Bell 235 S.W 3d 619 Tex. 2007 Unif. Pmc.

12. Walker 827 S.W. 2d 833 Tex. 1992 Unif. Pmc.

13. Young 236 S.W 3d 207 Tex. Crim. App. 2007.

Others

1. Tex. Gov't Code. § 22.221 (A)(B) (Vernon 1988).

II

Rev. 01/14/14

## STATEMENT OF THE Case

On Or About THE 2nd day OF Feb. 2015 THE PETITIONER Filed A MOTION TO VACATE Judgment And sentence WITH A Brief in Support Along WITH A Motions FOR Evidentiary Hearing A MOTION FOR Judgment OF Acquittal Along WITH A MOTION TO Obtain A supplemental Trial Court Record And Motion TO Supplement The brief WITH Judge Rick MAGNIS. And THE Judge Refused TO Rule ON All Filed MOTIONS And pleadings. There After THE PETITIONER Filed And Original-Whit OF MANdamus WITH THE 5TH Court OF Appeals ON Or About THE ___/___/15 And THE Court Dismissed THE Original-proceeding ON ___/___/15 WITHOUT Requesting THE Judge MAGNIS TO Respond TO THE Original-proceeding. So NOW I'AM Before THIS Court OF Criminal Appeal FOR Relief.

Rev. 01/14/14

# Issue Presented

1. Abuse of Discretion

## Statement of Fact

"In most civil and criminal proc-eedings the trial court must rule in order that the petitioner may either accept his ruling or attack it." Be cause the act of giving consideration to and ruling upon those motions is a ministerial act. And the petitioner or the court of appeals should have to guess the reason or reason why the trial court failed to rule.

## Statement of Jurisdiction

This court of criminal appeal has original jurisdiction in pursuance to TEX. R. App. Proc. R. 52.

Rev. 01/14/14

## SUMMARY OF THE ARGUMENT

THE PETITIONER HAS Filed several inquiry letters to Judge Maynis Requesting Him to Rule upon my Filed Motions And pleadings. but He Has Refused to Respond to my Motions. And I Have THE burden of proof under STATUTE to provide Evidence showing THAT THE Judge Has Refuse to Act. so As A part of my Burden THE Courts of Appeal MUST Request of The Respondant to Answer my Writ of Mandamas in THIS Unusual-Circumstance to Secure A More SATISFACTory-Submission of the Case And THE burden of proof. so THE PETITIONER And THE Court of Appeals want Have to Guess THE Trial Court's Reason or Reasons For its Failure to Rule.

9

Rev. 01/14/14

(7)

# Argument And Authority

GROUND:

Abuse of Discretion

FACTS SUPPORTING GROUND:

The Trial Court Has Failed To Rule On The Petitioners Filed Motions And Pleading Within A Reasonable Amount Of Time in Which To do So.

Standard of Review

Mandamus Relief is An Extraordinary Remedy. See In Re Southwestern Bell 235 S.W. 3d 619-623 Tex. 2007. (Orig. proceeding. An Issues Only To Correct A Clear Abuse Of discretions On The Violation Of A duty imposed by law, when There is No Other Adequate Remedy by law. See Walker v packer 827 S.W. 2d 833 Tex. 1992 (Orig. proceeding Quoting Johnson v Fourth Court Of Appeals 700 S.W. 2d 916-917 Tex. 1985 (Orig. proceedings. To show

## ENTITLEMENT TO MANDAMUS Relief

A PETITIONER MUST (1) SHOW THAT HE HAS NO Adequate Remedy AT law TO Redress THE Alleged Harm And (2) THE ACT SOUGHT TO be Compelled is Ministerial And does NOT involve A discretionary or Judicial decision. See Young 236 S.W.3d 207 TEX. Crim. App. 2007. Rosenthal 98 S.W.3d 194 TEX. Crim. App. TEX. Crim. App. 2003.

## Adequate Remedy AT law

THE NATURE OF THE Complaint Arise From A STATE COUNT POST Conviction proceeding in which A STATE District Court Judge Has Failed TO Rule on THE PETITIONER'S Filed Motions And pleadings. And THE Only way TO Compel SUCH A Ruling would be by WRIT OF MANdamus THROUGH THIS Court OF Appeals Jurisdiction Secondly THE PETITIONER claim is NOT COGNIZABLE[3] by WRIT OF Habeas Corpus PURSUANT TO Article 11. L77 LJF Rev. 01/14 14

(10)

. THE TEX. Cycle Of Crim. Proc. because Stone
. Has been placed Under Writ Abuse And
Can Not Meet THE Standards Of Art. 11.07
§4 Nor Present newly discovered Or Un-
Avaliable Evidence As An Avenue For Relief
SEE EX-PARTE Stone NO. WR-22,735-35 (TEX.
Crim. App. Feb 13, 2018.)

Ministerial-Act

When A Motion is Properly Pending
before A Trial Court THE ACT OF Considering
And Ruling UPON THE MOTION is A Minist-
erial-ACT. SEE Eli lilly And Co. V Marshell
829 S.W 2d 157 (TEX.1992) And THE Trial COURT How-
Even Has A Reasonable Time within which to
Perform it's Ministerial duty. SEE SAFETY V Yarcia
945 S.W 2d 268 (TEX. App. SAN ANTONIO 1997 Orig. Proc.
And whether A Reasonable Period of time HAS lap-
sed is dependent on THE Circumstances OF EACH
Case. SEE Barnes V STATE 832 SW2d 424. TEX. App.
HOUSTON 1st. Dist. 1992 Orig. Proc.

Rev. 01/14/14

(11)

Here 90 days Has passed. Therefore A Mandamus is Appropriate to Require the Trial Court to Hold a Hearing And Exercise its discretion. See Chiles V Schuble 788 S.W. 2d 205 Citing Blanch V Miller 774 S.W. 2d 299 Tex. App. Dall. 1989 Orig. Proc. See Appendix \_ \_ \_ \_ . See Also Kissam V William 545 S.W. 2d 265 . in Kissam the Court Issued the Petitioner's writ. I.D. At 267 And in 94 Citing the Court Stated that the Respondant "Must Rule in order that the Petitioner may Either Accept His Ruling or Attack it." I.D.... Tex. Gov't Code § 22.221 (A)(B) (Vernon 1988) I.D. In Re: Condina 04 980 S.W. 2d At 693.

Rev. 01/14/14

**GROUND TWO:**

Abuse Of Discretion

**FACTS SUPPORTING GROUND TWO:** The Fifth Court Of Appeals Refused To Grant The Petitioner's Mandamus Relief because. It's Appendix didn't not contain proof that the Trial Court Received the Motions And pleadings. And Entered A Docket Sheet On Certification-proof.

Standard Of Review
(is The Same As in (Ground-One)

Entitlement To Mandamus Relief
(is The Same As in (Ground-One)

Adequate Remedy At law

The Nature Of This Claim Arise From The Fifth Court Of Appeals Of Texas At Dallas. Because The Appellate Court Substituted It's Opinion For That Of The Trial Court And determine That It would Reach A different conclu- sion. On Guess The Trial Courts Failure To Rule. See Glockzin 760 S.w 2d AT 666.

And the only way to compel the court of appeal to issue a writ of Mandamus Against the trial court is through the court of Criminal Appeals of Texas because this type of claim is not cognizable by writ of Habeas Corpus pursuant to Article 11.07 of the Tex. Code of crim. proc. because Stone Has been place under writ-Abuse And can not meet the standards of Art. 11.07 § 4 by presenting newly discovered or unavaliable-Evidence As An Avenue for Relief. See Ex-parte Stone No. WR-22-735-35 (Tex. Crim. App. Feb 13, 2008).

## Ministerial-Act

The Court of Appeals Has Jurisdiction to direct the trial court to make a decision through issuance of Mandamus As A Ministerial-Act. See Safety 945 S.W. 2d 268 (Tex. App. San Antonio 1997 orig. proc. Eli-lilly 829 S.W.2d 157 (Tex. 1992).

## Prayer

THAT THIS Court Request of the 5th Court of Appeals to Respond to the writ of Mandamus. And Request of the Trial Court to Forward An Original-Copie of Trial-Transcript And Statement of Facts From Cause No. 91-42452 T And Also Request of the 5th Court of Appeals to Forward A Copie of There Mandamus Memo Randum Opinion From Cause No. <u>05-15-00661-CV</u>

## Certificate of Service

I Hereby Certify THAT A True Copy of the Fore going writ of Mandamus Has been U.S. Mailed To: THE Clerk Court of Criminal Appeals of Texas P.O. Box 12308 Capitol Station Austin Texas 78711 On This <u>23</u> day of <u>July</u> 2015.

Alfred lee Stone
Petitioner

Appendix

A

THE 5TH COURT OF Appeals MEMORANDU
opinion

Rec. 06|11|15

DENY; and Opinion Filed June 4, 2015.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00661-CV

### IN RE ALFRED LEE STONE, Relator

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-91-42452-T**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Evans
Opinion by Justice Fillmore

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on various post-conviction motions filed February 2, 2015. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

The mandamus record before us does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes the trial court has failed to rule on relator's motions. TEX. R. APP. P. 52.3(k)(1)(a) (appendix must contain certified or sworn copy of order

complained of, or any other document showing the matter complained of); 52.7(a) (relator must file with petition certified or sworn copy of every document material to relator's claim for relief). Absent such a record, we cannot conduct a meaningful review of relator's claims. *Lizcano*, 416 S.W.3d at 863 (Alcala, J. concurring).

We deny the petition.

ROBERT M. FILLMORE
JUSTICE

150661F.P05

Order entered June 4, 2015



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-15-00661-CV

IN RE ALFRED LEE STONE, Relator

Original Proceeding from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-91-42452-T

## ORDER

Before Justices Lang, Fillmore and Evans

Based on the Court's opinion of this date, we **DENY** the petition for writ of mandamus.

We **GRANT** relator's request for return of the exhibits attached to his petition and **DIRECT** the

Clerk to return relator's original exhibits. We **ORDER** relator to bear the costs of this original

proceeding.

/s/     ROBERT M. FILLMORE
JUSTICE

Order entered June 22, 2015



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-15-00661-CV

IN RE ALFRED LEE STONE, Relator

Original Proceeding from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-91-42452-T

## ORDER
Before Justices Lang, Fillmore and Evans

Before the Court is relator's motion for reconsideration. We **DENY** the motion.

/s/    ROBERT M. FILLMORE
       JUSTICE

# B.

THE TRIAL COURT STATEMENT OF FACTS.
THE TRIAL COURT TRIALS TRANSCRIPTS.

(18)

# C
# THE WRIT OF MANDAMUS.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF TEXAS
### Austin DIVISION

Alfred lee Stone 599665
Plaintiff's name and ID Number

Estelle Unit
Place of Confinement

V.

THE Fifth Court of Appeals
Rick MArquis

Defendant's name and address

CASE NO._____
(Clerk will assign the number)

APPLICATION TO PROCEED
IN FORMA PAUPERIS

I, Alfred lee Stone, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1. Have you received, within the last 12 months, any money from any of the following sources?

   a. Business, profession or from self-employment?          Yes ☐     No ☑
   b. Rent payments, interest or dividends?                  Yes ☐     No ☑
   c. Pensions, annuities or life insurance payments?        Yes ☐     No ☑
   d. Gifts or inheritances?                                 Yes ☐     No ☑
   e. Family or friends?                                     Yes ☐     No ☑
   f. Any other sources?                                     Yes ☐     No ☑

   If you answered **YES** to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

   _____

   _____

2. Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?
                              Yes ☐          No ☑

   If you answered **YES** to any of the questions above, state the total value of the items owned.

   _____

   _____

1

3.   Do you own real estate, stocks, bonds, note, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

Yes ☐          No ☑

If you answered **YES**, describe the property and state its approximate value.

_____

_____


**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury. I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**


Signed this the ___23___ day of ___July___, 20 _15_.


_Gaj nud dee  Stone  549665_
Signature of Plaintiff                    ID Number


**YOU MUST ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT. YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE FROM THE LAW LIBRARY AT YOUR PRISON UNIT.**

☆ATCIFP (REV. 9/02)

```
CSINIB0a/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        07/23/15
E223/DPH2185              IN-FORMA-PAUPERIS DATA                 11:03:46
TDCJ#: 00599665 SID#: 03028672 LOCATION: ESTELLE      INDIGENT DTE: 04/18/13
NAME: STONE,ALFRED LEE                    BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS: 00562542
CURRENT BAL:         20.20 TOT HOLD AMT:        100.00 3MTH TOT DEP:
6MTH DEP:                 6MTH AVG BAL:                6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS


PROCESS DATE    HOLD AMOUNT     HOLD DESCRIPTION
                                ---------------------------
                                NO BANKING ACTIVITY
                                WITHIN THE PAST 6
                                MONTH PERIOD.
                                ---------------------------

STATE OF TEXAS COUNTY OF Walker
ON THIS THE 23 DAY OF July 2015    , I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____
```



Demetric Phipps
Notary Public, State of Texas
My Commission Expires
09/23/2015
Notary Without Bond

# In the Court of Criminal Appeals

Alfred lee Stone
Petitioner,

Cause No.

V

The Fifth Court of Appeals
Rick Maynis..
Respondant.,

## Request For A Response to the Writ of Mandamus
### in Pursuance to Tex. R. App. Proc. R. 52.

The Petitioner Request A Response to the Mandamus From the Respondants.

Alfred lee Stone
Petitioner

## Certificate of Service

I Alfred lee Stone Petitioner do Here by Certify That A True Copie of The Request For A Response to the Writ of Mandamus Has been U.S. Mailed to The Clerk Court of Criminal Appeals of Texas P.O. Box 12 308 Capitol Station Austin Texas 78711 On This 23 day of July 2015.

CC: The Fifth Court of Appeals
2nd Fl. George 1. Allen Sr. Court Bldg.
600 Commerce St.
Dallas Texas 75202

(1)

In THE Count OF Criminal Appeals

Alfred lee Stone          Cause no.

Petitioner.,

V

THE Fifth Count OF Appeals

Respondant.,

NOTICE OF MANDAMUS
in Pursuance To TEX. R. App. Proc. R.
___. THE Petitioner Alfred lee Stone Give
Notice To THE Above Fifth Count OF Appe-
Als THAT A Writ OF Mandamus HAS been Filed
Against THem within THE Above Styled Cou
nt THE Mandamus Action is based upon
Abuese OF Discretion For 1 your Failure To En
Force On Compel THE Trial Count To Rule On
my properly Filed Post Conviction Moti-
ons And pleadings THAT now pending
before Him.

Alfred lee Stone
Petitioner
Date: 07 / 23 / 15

# In THE COURT OF Criminal Appeals

Alfred lee STONE
PETITIONER.,

Cause NO.

v

THE FIFTH COURT OF Appeals
Respondant..

PETITIONER's Demand For Performance.

in Pursuance TO TEX. R. App. Rule. R. _
THE PETITIONER Alfred lee STONE Demands
FOR THE below PERFORMANCE FROM: THE
FIFTH COURT OF Appeals OF TEXAS Because
They Had A legal duty THAT is OF A NON-dis
Cretional ACT Owed TO THE PETITIONER TH-
AT HE was Allowed Junisdiction TO Gra-
NT but FAILed TO do SO.

Demand-Request

1. THAT THE FIFTH COURT OF Appeals iss-
E A Writ OF Mansdamus Against Judge Rick
Magnusis TO Compel TO Rule On my Prop-
Erly Filed POST Conviction Motions An
d Pleadings THAT were Pending before Him.

Alfred lee STONE.
DATE 07 / 23 / 15

(1)

In THE Court OF Criminal Appeals

Alfred lee Stone                          Cause No.
Petitioner.,

          v

THE FIFTH Court of Appeals.,
Rick Maynis..
Respondant.,

MOTION For leave To File A writ
OF MANDAMUS
In PUNSUANCE TO TEX. R. App. Proc. R. 79 THE
Petitioner Request leave To File A writ of MANDAMUS
into THIS Court. OF Criminal Appeals.

                              Alfred lee Stone
                              Petitioner

Certificate of Service
          I Alfred lee Stone Petitioner do Hereby Cer-
Tify THAT A True Copie OF THE MOTION For leave To File A
writ OF MANDAMUS HAS been U.S. Mailed To: THE Clerk Co
unt OF Criminal Appeals OF TEXAS P.O. Box-12308 Capital
Station Austin TEXAS 78711 on This 23 day OF July
2025.

                              Alfred lee Stone
                              Petitioner

(1)

# In The Court Of Criminal Appeals

Alfred lee Styne           Cause no.
Petitioner.

v

The Fifth Court Of Appeals
Rick Maynis
Respondant.,

### Proof Of Service

I Alfred lee Styne state that under the penalty of perjury that I have mailed by U.S. mail (1) writ of mandamus (1) motion for leave to file a writ of mandamus (1) request for a response to writ of mandamus. (1) Notice of mandamus (1) petitioner Demand for performance (1) request for the records. Has been us mailed to: The Clerk Court of criminal Appeal of Texas P.O. Box 12308 Capital Station Austin Texas 78711 on this 23 day of July 2015.

Alfred lee Styne
Petitioner.,

IN THE COURT OF CRIMINAL APPEALS

Alfred lee Stone
PETITIONER.,

CAUSE NO.

V

Rick Maynis
RESPONDANT.,

Request For The Records

In pursuance to Tex. R. App. Proc. R. 22.1 The PETITIONER Request of the Court of Criminal Appeals of Texas to Issue And Under Directing The Clerk of This Court To Under Judge Rick Maynis of the 283 nd Judicial District Court of Dallas County Texas To Prepare And Certify A supplemental-Record From Cause No. F-91-42452 Not A Burglary of A Building Conviction in Dallas County Texas on 10 / 10 91 As listed below:

Documents Request

(A). The Complete Trial Court Statement of Facts
(B). The Complete Trial Court Transcripts.
(C) The police Report.

Alfred lee Stone
PETITIONER..

(1)

# Certificate of Service

I Hereby Certify That a True Copy of the Fore going Request For the Records Has been U.S. Mailed To: The Clerk Court of Criminal Appeals of Texas P.O. Box-12308 Capitol-Station Austin Texas 78711 On This 23 day of July 2015.

Alfred Lee Stone
Petitioner