**Denied and Opinion Filed November 22, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01319-CV

### IN RE ROBERT E. MARZETT, Relator

**Original Proceeding from the County Court at Law No. 7
Collin County, Texas
Trial Court Cause No. 001-02121-2016**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Brown
Opinion by Justice Lang

Before the Court is relator's November 9, 2016 petition for writ of mandamus in which he complains of the county court's purported refusal to hear or rule on relator's petition for writ of habeas corpus. Relator asks this Court to order the trial court to rule on the petition. Relator's petition is not certified as required by rule 52.3(j) of the rules of appellate procedure. Although this deficiency alone constitutes sufficient reason to deny mandamus relief, in the interest of judicial economy we address the petition.

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The mandamus record before us does not include a certified or sworn copy of the trial court's docket sheet, the petition filed in the county court, the court's docket sheet, any orders or correspondence from the county court,

or other proof that establishes relator filed the motions for which he seeks orders and establishes the trial court has failed to rule on relator's motions. TEX. R. APP. P. 52.3(k)(1)(a) (appendix must contain certified or sworn copy of order complained of, or any other document showing the matter complained of); TEX. R. APP. P. 52.7(a) (relator must file with petition certified or sworn copy of every document material to relator's claim for relief). Absent such a record, we cannot conduct a meaningful review of relator's claims. *Lizcano*, 416 S.W.3d at 863 (Alcala, J. concurring). Further, to the extent relator is complaining that the county court failed to grant the petition rather than complaining of the refusal to rule, that complaint must be brought by direct appeal. *See, e.g., In re Edmon*, 05-14-01183-CV, 2014 WL 4658692, at *1, n. 1 (Tex. App.— Dallas Sept. 18, 2014, no pet.).

Accordingly, we deny relator's petition for writ of mandamus.

/s/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

161319F.P05