**Order entered December 6, 2017**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-01143-CV

### IN RE ARTURO SOLIS, Relator

**Original Proceeding from the 52nd District Court
Coryell County, Texas[1]
Trial Court Cause No. C10-11-40751**

## ORDER
Before Justices Francis, Brown, and Whitehill

Before the Court are relator's October 17, 2017, October 23, 2017, and October 27, 2017 motions in which he seeks the following relief: (1) an order commanding prison officials to return legal materials purportedly confiscated from relator's cell on October 16, 2017; (2) an order directing the Tenth District Court of Appeals to transfer all pleadings filed in cause number 10-17-00286-CV to this Court; (3) an order directing the trial court and court reporter to file in this Court all post-judgment pleadings filed by relator in the trial court and the Clerk's Record and Reporter's Record purportedly designated by relator; and (4) an order granting relator a 60-day extension of time to file "a more adequate Motion for Rehearing, with Motion for En Banc Reconsideration" and to "correct the record" before the motions for rehearing are decided.

---

[1] Although originally filed in the Tenth Court of Appeals and docketed as case number 10-17-00286-CR, this original proceeding was transferred to this Court pursuant to Tex. Gov't Code § 73.001 and due to recusals on the Tenth Court of Appeals. *See* TEX. SUP. CT. ORDER, Misc. Docket No. 17–9127 (Sept. 28, 2017).

This Court does not have writ jurisdiction over prison officials unless it is necessary to enforce our own jurisdiction. TEX. GOV'T CODE § 22.221(a) (court of appeals may only issue writ of mandamus against district and county judges or as necessary to enforce jurisdiction of appellate court). We disposed of this proceeding before the alleged confiscation of relator's materials, and relator has not shown how the alleged confiscation jeopardizes our jurisdiction. Accordingly, we **DISMISS** relator's motions to the extent relator seeks an order directed to prison officials.

The Tenth Court of Appeals transferred all documents filed by relator in 10-17-00286-CV to this Court. Accordingly, we **DENY AS MOOT** relator's requests for an order directing the Tenth Court of Appeals to transfer those documents to this Court.

Finally, it is relator's responsibility in a mandamus proceeding to provide this Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3, 52.7. Further, the rules governing deadlines for designating and filing a clerk's record and reporter's record do not apply in original proceedings such as this proceeding. *Compare* TEX. R. APP. P. 25.2, 26.2, 34, 35.2, 35.3 *with* TEX. R. APP. P. 52.1, 52.3, 52.7. Accordingly, we **DENY** relator's requests for an order directing the trial court and court reporter to file documents in this proceeding and **DENY** relator's request for an extension of time to file a motion for rehearing and motion for rehearing en banc.

/s/     ADA BROWN
        JUSTICE