**DENY; and Opinion Filed September 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00946-CV
No. 05-18-00947-CV
No. 05-18-00948-CV

**IN RE ANDREW PETE, Relator**

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-33559-V, F12-33560-V, and F12-33561-V**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

Relator was convicted of three counts of aggravated sexual assault of a child younger than fourteen years of age and, on November 15, 2017, the trial court assessed punishment at eight years in prison for each offense. Relator did not timely appeal. In May 2018, relator filed a motion for out-of-time appeal in the trial court, which was denied. Relator appealed the denial of the motion. *See Pete v. State*, No. 05-18-00573-CR, 2018 WL 3062507 (Tex. App.—Dallas June 21, 2018, no pet. h.). This Court dismissed the appeal on June 21, 2018. *Id.* at * 1. In this original proceeding, relator seeks a writ directing the trial court to order the court reporters to release the transcripts of proceedings held on March 12, 2015, April 21, 2015, September 19, 2017, and November 15, 2017. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). After its general jurisdiction expires, a trial court has only special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute or rule, such as issuing finding facts in a habeas corpus setting, correcting clerical errors in a judgment nunc pro tunc, or determining entitlement to DNA testing. *See Berkley v. State*, No. AP-76,326, 2010 WL 1610932, at *1 (Tex. Crim. App. Apr. 16, 2010); *see also State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (consolidated appeal and orig. proceeding) (plurality opinion); *see also In re Johnson*, No. 05-16-00062-CV, 2016 WL 308657, at *1 (Tex. App.—Dallas Jan. 26, 2016, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Here, relator has not shown he has asked the trial court to order the reporters to prepare the transcripts. Further, the trial court's general jurisdiction over the underlying criminal case has expired, and relator has not shown that any proceeding is pending that would give the trial court special jurisdiction to order release of the

transcripts.  The trial court, therefore, has not violated a ministerial duty. Accordingly, we deny relator's petition for writ of mandamus.

/Ada Brown/
ADA BROWN
JUSTICE

180946F.P05