

# NUMBER 13-19-00227-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PATRICK DIXON

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Perkes[1]

Relator Patrick Dixon, proceeding pro se, filed a petition for writ of mandamus in the above cause on May 16, 2019. Relator contends that his judgment of conviction is void because the trial court incorrectly enhanced his punishment based on a count in the indictment that had been dismissed by the State. He argues that we should order the trial court to set aside his judgment of conviction because the judgment is consequently void.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In support of his petition for writ of mandamus, relator has provided us with his September 22, 2014 judgment of conviction in cause number 14-CR-1880-C in the 94th District Court of Nueces County, Texas. The judgment shows that relator was convicted pursuant to a plea bargain of aggravated assault as a repeat felony offender and punished for a second-degree felony enhanced to a first-degree felony. The judgment shows that

2

relator was sentenced to forty years of imprisonment and the sentence was ordered to run concurrently with cause number 13-CR-2580-C. The judgment further provides that the State dismissed count two, "unlawful possession of firearm by felon." The judgment references the plea bargain as "attached" to the judgment, but that document is not included in the record before us. Relator has not provided any other documentation in support of his claim that the sentence was enhanced based on a dismissed count in the indictment as opposed to a separate judgment of conviction. Accordingly, the relator has failed to meet his burden to obtain relief. *See Walker,* 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3. We deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

GREGORY T. PERKES
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of May, 2019.

3