

# NUMBER 13-19-00248-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PATRICK DIXON

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Hinojosa
### Memorandum Opinion by Justice Hinojosa[1]

Relator Patrick Dixon, proceeding pro se, filed a petition for writ of mandamus in the above cause on May 28, 2019. Relator contends that his judgment of conviction is void because the trial court incorrectly enhanced his punishment based on a count in the indictment that had been dismissed by the State.[2] He seeks to compel the trial court to set aside the order sentencing him to forty years of imprisonment.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator previously filed a similar petition for writ of mandamus raising this same argument. *See In re Dixon*, No. 13-19-00227-CR, 2019 WL 2167955, at *1 (Tex. App.—Corpus Christi May 17, 2019, orig. proceeding) (mem. op., not designated for publication).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In support of his petition for writ of mandamus, relator has provided us with a copy of the grand jury indictment against him for aggravated assault in count one and unlawful

possession of firearm by a felon in count two. The indictment provides that relator is being indicted as a repeat felony offender with a prior felony conviction for possession of cocaine in cause number 04-CR-2177-C. Relator has also provided us with the State's motion to dismiss count two of the indictment, unlawful possession of a firearm by a felon, as ordered by the trial court, in the underlying cause 14-CR-1880-C. And finally, relator has given us the plea agreement pertaining to count one of the indictment. The plea agreement reflects that relator pleaded guilty to aggravated assault with a recommended sentence of forty years to run concurrently with the sentence imposed in cause number 13-CR-2580-C, that there was no affirmative finding of a deadly weapon; and that the defendant agreed to withdraw his appeal in cause number 13-CR-2580-C.

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that the relator has not met his burden to obtain relief. Based on the documentation provided, relator's sentence was enhanced based on a separate conviction rather than the dismissed count in the indictment. Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

LETICIA HINOJOSA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of May, 2019.