**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 25, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00119-CR

---

### IN RE DAMON KENDRICK DOVE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061181A**

---

## MEMORANDUM OPINION

On February 3, 2020, relator Damon Kendrick filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 268th District Court of Fort Bend County, to provide the attorney representing the State with a copy of relator's "Motion for Forensic DNA Testing" (the "Motion"), as required by article 64.02(a) of the Texas Code of Criminal Procedure. A copy of

the Motion which is attached to relator's petition and has a stamp indicating that it was filed on May 14, 2019.[1]

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Lizcano v. Chatham,* 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

The trial court has a ministerial duty to comply with article 64.02(a) by forwarding a copy of the Motion to the attorney representing the State. But "merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at \*1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). Relator must provide a record which shows that the judge was aware of and asked to rule on the motion because a judge cannot be faulted for doing nothing

---

[1] We previously denied a petition for writ of mandamus by relator related to the Motion because relator failed to provide this court with a file-stamped copy of the Motion. *See In re Dove*, No. 14-19-01008-CR, 2020 WL 103585 (Tex. App.—Houston [14th Dist.] Jan. 9, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication).

when the judge was not aware of the need to act; the clerk's knowledge is not imputed to the judge. *See In re Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig. proceeding).

Because relator has not provided this court with a record showing that he has brought the Motion to the attention of the trial court and requested the court to comply with article 64.02(a), we deny the petition for writ of mandamus.

We dismiss relator's motion for leave to file a petition for writ of mandamus as moot because leave is not required to file a petition for writ of mandamus in an intermediate appellate court. *See* Tex. R. App. P. 52.1; *In re Stroman*, No. 14-16-00662-CV, 2016 WL 5110644, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2016, orig. proceeding) (per curiam) (mem. op.).

PER CURIAM

Panel consists of Justices Christopher, Wise, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).