

NUMBER 13-20-00108-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE VALENTIN GAONA

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria[1]**

On February 21, 2020, relator Valentin Gaona, proceeding pro se, filed a petition

for writ of mandamus. Through this original proceeding, relator seeks to compel the trial

court to appoint counsel to represent him in trial court cause number 07-CR-3875-F in the

214th District Court of Nueces County, Texas.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has previously filed other appeals from the final judgment rendered in this same trial court cause number. *See Gaona v. State*, No. 13-08-364-CR, 2009 WL 2568578, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 26, 2009, pet. ref'd) (mem. op., not designated for publication) (affirming conviction for capital murder); *see also Gaona v. State*, No. 13-19-00606-CR, 2020 WL 103860, at *1 (Tex. App.—

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

Corpus Christi–Edinburg Jan. 9, 2020, no pet. h.) (mem. op., not designated for publication) (dismissing appeal of conviction for capital murder because of previous appeal and untimeliness).

In this case, the relator has failed to provide a sufficient appendix or record in support of his petition for writ of mandamus and he has therefore failed to meet his burden to obtain relief. *See Walker,* 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3. Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

NORA L. LONGORIA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of March, 2020.