**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00212-CR

## IN RE ZACHARIAH HARVEY, Relator

| |
|---|
| **ORIGINAL PROCEEDING**<br>**WRIT OF MANDAMUS**<br>**174th District Court**<br>**Harris County, Texas**<br>**Trial Court Cause No. 1311763** |

## MEMORANDUM OPINION

On March 16, 2020, relator Zachariah Harvey filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris County, to rule on a "Notice of Adjudicated Facts Texas Rule of Evidence 201", which relator alleges he filed on December 2, 2019.

Our court affirmed relator's conviction for murder in 2014. *Harvey v. State*, No. 14-13-00774-CR, 2014 WL 4202519 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, no pet.) (mem. op.). Relator contends that he has filed an application for a writ of habeas corpus. *See In re Harvey*, No. WR-83,330-04, 2018 WL 1940352, at *1 (Tex. Crim. App. Apr. 25, 2018) (order, not designated for publication).

We have no jurisdiction to grant the relief with respect to a pending article 11.07 writ. *See Padieu v. Court of Appeals of Tex., Fifth Dist*., 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Because relator's petition appears to pertain to his application for a writ of habeas corpus, we dismiss his petition for lack of jurisdiction.[1]

PER CURIAM

Panel consists of Justices Christopher, Wise, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] In any event, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator has not provided this court with any record, much less one showing that he is entitled to relief.

2