

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00186-CR

IN RE JOHN HENRY GARBER

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Relator John Henry Garber has filed a pro se petition for a writ of mandamus asking this Court to direct the Honorable "Fred Duncan Thomas, Assigned Judge, 10th Judicial Region" to "[**i**]**mmediately rule on all pending motions filed on August 18, 2025**[,] in Cause Nos. 24-060-CCCR-0065, -0066, and -0067" and "[**g**]**rant any other relief that** [**j**]**ustice requires.**" We deny Garber's requested relief.

In *In re State ex rel. Wice*, 668 S.W.3d 662 (Tex. Crim. App. 2023) (orig. proceeding), the Texas Court of Criminal Appeals explained,

> To be entitled to mandamus relief, the relator must show there is no adequate remedy in law and that the sought-after act is ministerial in nature. The ministerial in nature prong "is satisfied if the relator can show he has a clear right to the relief sought—that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." A clear right to the relief sought exists "[w]hen a trial court acts beyond the scope of its lawful authority."

*Id.* at 671 (alteration in original) (footnote omitted) (citations omitted) (quoting *In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re City of Lubbock*, 666 S.W.3d 546, 553–54 (Tex. Crim. App. 2023) (orig. proceeding)).

According to Garber, on August 18, 2025, he filed several motions in the Delta County clerk's office, including, but not limited to, a motion to stay the proceedings, a motion to vacate judgment nisi, a motion to dismiss, and a motion to suppress. Garber contends that Judge Thomas "ignored every motion filed by Relator since August 18," took "no action even after two formal notices and demands for ruling," "allowed the State to remain silent without

2

consequence," and "declined to address jurisdictional, constitutional, and evidentiary issues now pending for over [ninety] days." Garber believes that "the Respondent judge" is prejudiced against him because he "is **paid by and works for the State of Texas**, and the State of Texas is the prosecuting party against Relator." Garber continues, "Because the judge depends upon the State for his position, salary, and authority, Relator believes the [judge] is acting with **prejudice,** intentionally refusing to rule in order to protect the interests of the State." Among other things, Garber asks this Court to direct "the Respondent judge" to rule on his pending motions.

A party seeking mandamus relief has the burden of providing the appellate court with a sufficient record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (Alcala, J., concurring) (orig. proceeding).

Furthermore, Rule 52.3 of the Texas Rules of Appellate Procedure states, in part, that a relator must include in his petition a table of contents, an index of authorities, a statement of the case containing a description of the underlying proceeding, and an appendix. TEX. R. APP. P. 52.3(b), (c), (d), (k). With the exception of attaching what we construe to be an appendix to his petition, Garber did not meet the remainder of these requirements.

That said, an appendix must be bookmarked and contain "a certified or sworn copy of" the order or motion of which the relator complains. TEX. R. APP. P. 52.3(k)(1)(B). Furthermore, Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure requires a relator to provide the Court with "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Here, Garber provided, for this Court's review, a "Motion to Dismiss," which contains a portion of the court

3

clerk's regular file-mark (file-mark); a document entitled "Supplemental Certificate of Service," which contains a file-mark; a "Notice of Non-Response and Request for Ruling on Submission," which contains a partial file-mark; a "Notice and Demand for Ruling on Pending Motions," which contains a file-mark; correspondence from the Delta County Clerk to Garber, which does not contain a file-mark;[1] and a "Delta County Court Register of Actions," which does not contain a file-mark.[2]

In his petition, Garber states that, on August 18, 2025, he filed the following: a notice of special appearance, a motion to stay proceedings, a motion to vacate judgment nisi, a motion to dismiss, a motion to suppress, a motion in limine, a motion to strike complaint, a motion to compel discovery, a motion to return property, a motion for stand-down directive, and a counterclaim. As stated above, Garber contends that the trial court failed to rule on his motions in a timely manner, which would make these documents material to the disposition of this case. Yet, Garber did not provide this Court with sworn, certified, or even file-marked copies of the documents.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig.

---

[1]The clerk's letter explained to Garber that the district clerk's office had received his request for certified copies of "docket sheets," but advised that Delta County did not maintain docket sheets.

[2]Garber states, in what he refers to as an affidavit, that he "declare[s] under penalty of perjury . . . pursuant to 28 U.S.C. § 1746 that this affidavit is true and correct *to the best of [his] first-hand knowledge and belief*." (Emphasis added). He then claims that he is the relator, the facts in his petition are true and correct, and that the exhibits "are true and correct copies of the documents they represent."

We make no comment as to whether those documents were properly sworn or certified in compliance with Rules 52.3(k)(1)(B) and 52.7(a)(1) because it has little, if any, relevance to the disposition of this case.

4

proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). Garber has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Accordingly, we deny Garber's petition for a writ of mandamus.


Scott E. Stevens
Chief Justice


Date Submitted:      December 15, 2025
Date Decided:        December 16, 2025

Do Not Publish