

# NUMBER 13-18-00312-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE VICTOR PRIETO AZAMAR

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez[1]

Relator Victor Prieto Azamar, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 19, 2018, seeking to compel the trial court to (1) provide him with copies of his trial records and (2) furnish him with appointed counsel. Relator plans to pursue an application for writ of habeas corpus.

On August 22, 2013, appellant was convicted of aggravated sexual assault. This Court affirmed relator's conviction on direct appeal. *See Azamar v. State*, No. 13-13-

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

00488-CR, 2015 WL 2452611, at *1 (Tex. App.—Corpus Christi May 21, 2015, no pet.) (mem. op., not designated for publication); *see also Azamar v. State*, 13-17-00479-CR, 2017 WL 4837846, at *1 (Tex. App.—Corpus Christi Oct. 26, 2017, no pet.) (mem. op., not designated for publication) (dismissing relator's appeal for want of jurisdiction).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P.

2

52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, we deny the petition for writ of mandamus.

NELDA V. RODRIGUEZ
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2018.