

# NUMBER 13-18-00420-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE JOSE SANCHEZ

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez[1]

Relator Jose Sanchez, proceeding pro se, filed a petition for writ of mandamus in the above cause on August 2, 2018, seeking a writ of mandamus compelling the trial court to issue a nunc pro tunc judgment correcting relator's jail time credit.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision.  *In re Harris*,

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*.*" *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Under the foregoing requirements, relator has failed to meet his burden to obtain mandamus relief. Among other deficiencies, relator has not provided us with any facts, analysis, or legal authority in support of his contention and he has not filed a record or appendix in support of his petition for writ of mandamus. And, to the extent that relator requests that he be issued a "number for appeal in this court to proceed with my petition for writ of mandamus," we note that such an assigned number is unnecessary because

2

our cause numbers are assigned by the clerks of this Court.  We deny the petition for writ of mandamus without prejudice for the reasons stated here.

NELDA V. RODRIGUEZ
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of August, 2018.