

# NUMBER 13-18-00481-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE FRED G. MARTINEZ

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Longoria and Hinojosa
## Memorandum Opinion by Chief Justice Valdez[1]

Relator Fred G. Martinez, proceeding pro se, filed a petition for writ of mandamus[2]

in the above cause on September 4, 2018.[3]  Through this original proceeding, relator

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] Relator also filed an "Application for Leave of Court to File Writ of Mandamus."  We dismiss relator's "Application for Leave of Court to File Writ of Mandamus" as moot.  The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding.  *See generally* Tex. R. App. P. 52 & cmt.

[3] This original proceeding arises from trial court cause number 14-CR-2389-B and joins other appellate causes arising from this same trial court proceeding.  *See In re Martinez*, No. 13-18-00455-CR, 2018 WL 3999742, at *1 (Tex. App.—Corpus Christi Aug. 21, 2018, orig. proceeding) (mem. op., not

1

seeks to compel the trial court to (1) order the State of Texas, acting by and through the District Attorney of Nueces County, Texas, to surrender allegedly exculpatory evidence, and (2) order DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See Brady v. Maryland*, 373 U.S. 83, 87–88 (1963); *see also* TEX. CRIM. PROC. CODE ANN. art. 39.14 (West, Westlaw through 2017 1st C.S.); *id.* arts. 64.01-.05 (West, Westlaw through 2017 1st C.S.).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the

---

designated for publication); *In re Martinez*, No. 13-18-00449-CR, 2018 WL _____, at *_ (Tex. App.—Corpus Christi Aug. 20, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-18-00430-CR, 2018 WL 3764219, at *1 (Tex. App.—Corpus Christi Aug. 8, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-17-00310-CR, 2017 WL 2665266, at *1 (Tex. App.—Corpus Christi June 20, 2017, orig. proceeding) (mem. op., not designated for publication); *Martinez v. State*, No. 13-16-00249-CR, 2017 WL 2200299, at *1 (Tex. App.—Corpus Christi Mar. 16, 2017, pet. ref'd) (mem. op., not designated for publication); *Martinez v. State*, No. 13-15-00084-CR, 2015 WL 1137753, at *1 (Tex. App.—Corpus Christi Mar. 12, 2015, no pet.) (mem. op., not designated for publication) (per curiam).

appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of September, 2018.