

# NUMBER 13-19-00651-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JOHN COSTILLA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Chief Justice Contreras[1]

Relator John Costilla, proceeding pro se, filed a petition for writ of mandamus in the above cause on December 18, 2019. This pleading is entitled "Petition to Compel Performance of Process DNA Testing . . ., Family Codes Discovery of Entire Records for Above Trial, Appeal, In the Interest of the Child [N.D.] Born 4/14/2014." The petition references trial court cause number 14-CR-4005-A and appellate cause number 13-16-00171-CR, and it appears that relator seeks to compel the trial court to order "paternity

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

testing and records of prior [testing]." In our appellate cause number 13-16-00171-CR, this Court dismissed relator's attempted appeal from a conviction for sexual assault in trial court cause number 14-CR-4005-A as untimely. *See Costilla v. State*, No. 13-16-00171-CR, 2016 WL 2969672, at *1 (Tex. App.—Corpus Christi May 19, 2016, no pet.) (mem. op. per curiam) (not designated for publication) (dismissing the relator's attempted appeal from a conviction for sexual assault as untimely). The petition does not reference any other trial court cause numbers or related proceedings.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden

of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has failed to meet his burden to obtain relief. In this case, the relator has failed to meet the foregoing requirements to obtain mandamus relief. *See generally* TEX. R. APP. P. 52; *Walker,* 827 S.W.2d at 837. He has not provided a record or appendix, and his request for relief is unclear. *See Walker,* 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3. Accordingly, we deny the petition for writ of mandamus and all relief sought therein.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 19th
day of December, 2019.