

# NUMBER 13-20-00534-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LAJAMES BRYANT

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

Relator LaJames Bryant,[2] proceeding pro se, filed a pleading in our Court in which he requests that we assist him in obtaining rulings on several motions that he has filed in cause number 18-006 in the 23rd District Court of Matagorda County, Texas. Because Bryant's pleading does not reference an order or judgment subject to appeal and he is, in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The petition for writ of mandamus refers to relator as LaJames Bryant, however, the supporting documentation refers to relator alternatively as LaJames M. Bryant and LaJames Monta Bryant. This discrepancy is not material to our analysis.

essence, asking us to command a public officer to perform an act, we construe this pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also In re Guthrie*, No. 13-20-00134-CR, 2020 WL 1181261, at *1 (Tex. App.—Corpus Christi Mar. 12, 2020, orig. proceeding) (mem. op., not designated for publication). We deny the petition for writ of mandamus.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* To be entitled to mandamus relief for a trial court's failure to rule on a motion, however, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Merely filing a document with the

district clerk does not indicate that the trial court is aware of it and we do not impute the clerk's knowledge of the filing to the trial court. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring). In addition to other requirements, the relator must include a statement of facts in the petition that is supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

In support of his request for relief, Bryant has provided the Court with copies of his "Motion for Speedy Trial," "Motion for Bench Warrant," "Defendant's Motion for Speedy Revocation Hearing," and "Defendant's Motion to Dismiss State's Motion to Revoke Community Supervision (Probation)," none of which indicate that they were filed with the District Clerk. Bryant has not provided a mandamus record showing, inter alia, that his motions were properly filed and brought to the attention of the trial court, and that the trial

3

court refused to rule on these motions in a reasonable time. *See In re Foster*, 503 S.W.3d at 607; *In re Layton*, 257 S.W.3d at 795; *In re Hearn*, 137 S.W.3d at 685.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Bryant has failed to meet his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and all relief sought therein. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of December, 2020.