

# NUMBER 13-21-00066-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE LEONARD HENDERSON JR.

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relator Leonard Henderson Jr., proceeding pro se, filed a petition for writ of mandamus in the above cause through which he contends that the trial court has failed to rule on his motion for nunc pro tunc judgment.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has also filed a "Motion to File Less Copies" of his petition for writ of mandamus. Given our disposition of this original proceeding, we dismiss relator's motion as moot.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* To be entitled to mandamus relief for a trial court's failure to rule on a motion, however, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Merely filing a document with the district clerk does not indicate that the trial court is aware of it and we do not impute the clerk's knowledge of the filing to the trial court. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring). In addition to other requirements, the relator must include a

statement of facts in the petition that is supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has failed to meet his burden to obtain mandamus relief. Relator has not provided a mandamus record showing, inter alia, that his motion was brought to the attention of the trial court or that the trial court refused to rule on that motion in a reasonable time. *See In re Foster*, 503 S.W.3d at 607; *In re Layton*, 257 S.W.3d at 795; *In re Hearn*, 137 S.W.3d at 685. Accordingly, we deny the petition for writ of mandamus and all relief sought therein. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

DORI CONTRERAS<br>
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
3rd day of March, 2021.